IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS MICHAEL ORTIZ,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY CORRECTIONS, et al.,<br><br>Defendants. | No. 2:18-CV-2859-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for injunctive relief (Docs. 7 and 11).

In this action, plaintiff complains of constitutionally inadequate medical treatment by county jail officials. See Doc. 1. In his motions seeking preliminary injunctive relief, plaintiff appears to allege various defects relating to his underlying criminal conviction. See Docs .7 and 11.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser

standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

The court finds injunctive relief is inappropriate. First, plaintiff cannot establish any connection between the merits of the issues raised in this action and the issues raised in his motions for preliminary court intervention. Indeed, he cannot because the merits are completely unrelated. Second, plaintiff has not suggested any irreparable injury that cannot be adequately addressed on application for state or federal habeas corpus relief. Finally, the court does not have jurisdiction in this action over any of the individuals allegedly responsible for defects in plaintiff's criminal trial.

Based on the foregoing, the undersigned recommends that plaintiff's motions for injunctive relief (Docs. 7 and 11) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 26, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2